# Jordan *et al. v.* Jordan *et al.*

## Decree in Chancery by Consent.

1. *Decree by agreement; not assailable by complainant.*—Where a complainant to a bill in equity by agreement with respondents submits a cause for decree in vacation, the agreement providing for the terms of the decree, he is conclusively precluded from ever attacking the decree in so far as it is within ·the scope of the bill and agreement.

2. *Receiver; chancellor has no power to appoint on entering consent decree not providing for it.*—Where a supplemental bill is filed by agreement between all the parties thereto, ·which

[Jordan *et al.* v. Jordan *et al.*]

agreement stipulates that the bill be heard in term time or vacation as soon as filed and what the terms of the decree shall be, the chancellor has no authority to appoint a receiver, neither the bill nor the agreement providing for such appointment, and no extraordinary necessity appearing therefor; it being regarded as elementary law that a receiver should not be appointed except upon a bill or petition praying it and after answer thereto, unless the necessity be of most stringent character, without consent of all parties to the record.

APPEAL from the Chancery Court of Marshall.

Heard before the Hon. W. H. SIMPSON.

The supplemental bill in this case was brought by Annie Jordan and others against W. G. Jordan and others. It was filed by agreement between all the parties thereto. By the terms of this agreement it was provided that the bill should be submitted at once to the chancellor in term time or vacation and that a decree conforming to the agreement should be rendered on the bill as confessed by the respondents. No provision was made in the agreement or mentioned in the bill for the appointment of a receiver. The chancellor decreed according to the bill and agreement, but appointed a receiver to execute the decree. To this part of the decree the respondents objected and to correct it took this appeal. The appellees made a motion to dismiss the appeal because the decree was by consent.

O. D. STREET, for appellants, cited the following authorities to show that the receiver in this case should not have been appointed; and to show that the motion to dismiss the appeal should not prevail.—*Randall v. Carter*, 62 Ala. 95; *Hugher v. Hatchell*, 55 Ala. 631; *Bank v. Loan Co.*, 104 Ala. 297; *Meyer v. Johnston*, 53 Ala. 237; *Brierfield Iron Works v. Foster*, 54 Ala. 622; *Murphree v. Whitley*, 70 Ala. 554; *McNeal v. State*, 71 Ala. 71; 1 Black on Judg., Sec. 15.

LUSK & BELL, *contra*.—No appeal is allowed from a decree by consent.—2 Ency. Pl. & Prac. 99; 2 Daniels Chan. Pl. & Prac. 923, 1459; *Wilson v. Collins*, 9 Ala.

127; *Irwin v. Rees,* 54 Ala. 591; *Adler v. Van Kirk L. & C. Co.,* 114 Ala. 552.

TYSON, J.—The supplemental bill in this cause was filed and submitted in vacation pursuant to a written agreement signed by the respondents. By the agreement it was expressly agreed the purposes for which the bill was to be filed and that upon its filing a decree should be rendered in vacation ordering that the lands be sold. In accordance with the terms of the agreement, the cause was submitted by the complainants upon the bill and agreement in vacation to the chancellor for decree. By the filing of the agreement and a submission of the cause upon their bill and agreement the complainants were conclusively precluded from ever attacking the decree in so far as it is within the scope of the bill and agreement. The decree sought to be reviewed by this appeal was rendered by him ordering a sale of the lands in accordance with the averments of the bill and the terms of the written agreement, and also appointing one Farror, one of the complainants, as receiver for the purpose of selling the lands. It is that portion of the decree appointing Farror as receiver to make the sale of the lands that the appellants assail. There is no averment in the bill of any facts for the necessity of the appointment of a receiver and certainly there is nothing in the agreement between the parties which can be construed into a consent by them to his appointment. And unless the order appointing him can be justified upon one or the other of these grounds, it was erroneous.

It may be regarded as elementary law that a receiver should not be appointed except upon a bill or petition filed praying it and after answer thereto, "unless the necessity be of most stringent character," without consent of all parties to the record.—Code, § 799; *Meyer v. Johnston,* 53 Ala. 349; *Briarfield Iron Works v. Foster,* 54 Ala. 622. And besides Farror being one of the complainants in the cause and interested in the subject matter of the suit was not a suitable person to act as receiver. "A receiver appointed by the court should be capable, honest, impartial and *without personal interest to serve.*"—*Etowah Mining Co. v. Wills Valley Mining & Manufacturing Co.,* 106 Ala. 500.

As we have said, there being no averment in the bill which will sustain this portion of the decree, it may be argued that the agreement consenting that the decree of sale be ordered by the chancellor and nothing said as to whom he should appoint to conduct the sale, that therefore the respondents should be held to have consented to the adoption of any mode which the chancellor might select. They are presumed to have consented that the sale be made under the direction of the court, and to be conducted by such person to be designated by the chancellor as is usual in such cases and as the law directs in cases involving no extraordinary necessity for a receiver. This is as far as their consent can be construed to extend. There was nothing in the facts or pleading before the court which authorized the resort to the extraordinary remedy of the appointment of a receiver and could not have been within the contemplation of the parties when the agreement was made. The portion of the decree appointing the receiver was not only beyond the purview of the bill, but outside the agreement.

The decree ordering a sale of the lands was correct. It follows that that portion of the decree ordering a sale of the lands should be allowed to stand and the portion of the decree appointing the receiver should be annulled. The cause is remanded in order that further proceedings may be had in conformity with the views here expressed. The costs of this appeal are imposed equally upon the appellants and appellees.

Affirmed in part and reversed in part and remanded.